THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 George Mack, Appellant,
v.
Charleston County School District, Respondent.
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-046
Submitted January 1, 2007  Filed January 26, 2007

AFFIRMED

 
 
 
Deena Smith McRackan, of Charleston, for Appellant. 
Alice F. Paylor and Andrew D. Gowdown, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  George Mack appeals his dismissal from his position as a social studies teacher at Brentwood Middle School in the Charleston County School District.  We affirm.[1]
FACTS
In 2004, as a result of unsatisfactory evaluations,[2] the Associate Superintendent for Constituent District No. 4 recommended Macks continuing contract not be renewed for the 2004-2005 school year.  Mack appealed the recommendation to the District 4 Board of Trustees.  The board issued an order on June 4 directing that Mack be offered a contract, but was to demonstrate, during the first ninety days of the school year, proficiency in the areas required by the Districts formal evaluation process.  The order further stated that during the first ninety (90) days, the administration at Brentwood Middle School shall make certain that no less than four (4) period long evaluations are conducted of Mr. Mack and shall assess that he is proficient in all areas required by the formal evaluation process.  
The 2004-2005 school year began on August 9.  Edwin Jones, principal of Brentwood Middle School at the time, observed a portion of one of Macks social studies classes on September 30 and October 5.  He observed entire class periods on October 20 and December 8.  Jean Siewicki, a long-time educator in the District, also observed Mack for two class periods on November 9 and December 14.  According to both Jones and Siewicki, Macks performance was unsatisfactory.  In their opinions Mack failed to communicate high expectations for his students, did not engage students in critical thinking, did not sequence the content of his material in a logical fashion, lacked long and short-term planning skills, and exhibited poor classroom management, particularly in the area of student discipline.  Based upon these unsatisfactory evaluations, Mack was terminated.  He appealed his termination to members of the District 4 Board who concluded the administration ha[d] presented substantial evidence that Mr. Mack has failed to satisfactorily perform his duties and responsibilities as a teacher.  The Charleston County School District Board and the circuit court agreed and upheld the decision to terminate Mack.  
STANDARD OF REVIEW
 The standard applicable to judicial review of a school board decision is limited to a determination of whether the decision is supported by substantial evidence.  Laws v. Richland County Sch. Dist. No. 1, 270 S.C. 492, 495, 243 S.E.2d 192, 193 (1978).  Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the board reached or must have reached in order to justify its action.  Id. at 495-96, 243 S.E.2d at 193.
LAW/ANALYSIS
Mack raises two issues on appeal.  First, he argues that the evaluation requirements in the June 4 order did not comply with state laws and regulations or with school district policy so that the termination of his employment based on the resulting assessments constitutes an error of law.  The circuit courts order does not address any procedural violations, and there is no Rule 59(e) motion in the record seeking a ruling on that issue.  It appears this precise issue is raised for the first time on appeal to this court.  Consequently, it is not preserved for our review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).

 Secondly, assuming the evaluation process outlined in the June 4 order was valid, Mack contends that process was not followed, and the resulting assessments therefore cannot serve as the basis for his termination.  The preservation of this argument is somewhat suspect as well.  Nevertheless even on the merits, Macks argument is unpersuasive.  Mack argues that the evaluations were not performed within the proscribed ninety-day period and did not include four period-long evaluations.  According to the record before us, it appears that November 7 marked the end of the ninety-day period in which Mack was to be evaluated.  If so, three of the observations fell within the ninety-day period, and three of the observations, November 9, December 8, and December 14, were conducted beyond this period.  The evaluators testified that four of the six observations were for a full class period.  There is some evidence that Ms. Siewickis observations were not for a full ninety-minute class period.  However, Ms. Siewicki explained she observed the entire social studies portion of one class until Mack began discussing a different subject, nutrition.  She also testified that she conducted her other evaluation from the beginning of class until the bell rang, which she assumed signaled the end of the period.  Based on the testimony, we conclude that District 4 substantially complied with the mandates of the June 4 order.  Furthermore, there is no evidence that Mack was denied due process by the lack of strict adherence to the order.  In fact, Mack concedes that even if the June 4 order had been followed with absolute precision there may well have been substantial evidence to support the decision to terminate his employment.  The evaluations and testimony of Jones and Siewicki provide substantial evidence to support Macks termination. 
For all of the foregoing reasons, the decision of the circuit court is 
 AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] These evaluations were conducted under the Assisting, Developing, and Evaluating Professional Teaching evaluation process.